IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NACCO MATERIALS HANDLING GROUP, INC. | § § § | |
| vs. | § § | C.A. NO. H – 14 – 1067 ADMIRALTY |
| WALLENIUS WILHELMSEN LOGISTICS AS, *et al.* | § § § | |

## *ORIGINAL  COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff NACCO Materials Handling Group, Inc. files this Original Complaint against Defendants, Wallenius Wilhelmsen Logistics AS ("WWL") and Ports America Texas, Inc. ("PAT"), *in personam*, and respectfully will prove by a preponderance of the credible evidence:

1.  This action arises from damage and loss to a maritime cargo, a maritime tort and/or breach of a maritime contract.  Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2.  Alternatively, the Court has supplemental jurisdiction of Plaintiff's claim against PAT under 28 U.S.C. § 1367 because it is so related to the other claim in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Plaintiff is a Delaware corporation with its principal place of business in Cleveland, Ohio.

4. On information and belief, at all times material, WWL managed, chartered and/or operated the M/V ENDURANCE as a vehicle carrying common carrier of goods by water for hire between various ports, including the Ports of Zeebrugge, Belgium and Galveston.

5. On information and belief, WWL is a foreign entity not authorized to do business in Texas but, on information and belief, at all times material, did business in Texas by carrying cargos aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.

6. WWL is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although WWL may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and WWL has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over WWL is consistent with the Constitutions and other laws of the United States and Texas.

Accordingly, serving WWL with a summons is effective to establish personal jurisdiction over it. WWL can be served at its home office at Strandveien 20, NO–1366 Lysaker, Norway.

7. On information and belief, PAT is a Texas corporation with its principal place of business in Jersey City, New Jersey.

8. On information and belief, at all times material, PAT was engaged in the business of handling and storing marine cargos as a warehouseman, terminal operator and/or non–gratuitous bailee of goods for hire and mutual benefit, and loading and discharging cargo to and from vessels as a stevedore at the Port of Galveston.

9. PAT can be served by its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201–3136.

10. On or about February 6, 2013, Plaintiff's shipper tendered in good order and condition to WWL at Zeebrugge a Hyster Model RS 45–27 Forklift Truck Quick Attachment Head (the "cargo"). WWL agreed safely to receive, load, stow, secure, carry, discharge and deliver at Galveston the cargo in the same good order and condition as when received, in consideration of paid freight charges. WWL acknowledged receipt of the cargo in good order and condition and, accordingly therewith issued various bills of lading, including Bills of Lading No. BE1297785, free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V ENDURANCE.

11. On or about February 26, 2013, the M/V ENDURANCE arrived at Galveston where WWL later discharged and then delivered the cargo to Plaintiff's

consignee, not in the same good order and condition as when received but, on the contrary, much of the cargo was dented, bent, nicked, gouged, smashed, crushed, sheared, broken, compressed, loose, scratched and otherwise physically damaged. The damages and loss proximately resulted from WWL's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire.  Alternatively, the loss proximately resulted from the unseaworthiness of the M/V ENDURANCE.

12. Alternatively, on or about February 26, 2013 and during discharge operations, PAT dropped and/or otherwise mishandled the cargo, proximately damaging it.  The damages and loss proximately resulted from PAT's act(s) and/or omission(s) constituting negligence, breach of contract, breach of the warranty of workmanlike performance, breach of bailment and/or failure to perform services in a workmanlike manner.

13. Alternatively, on or about February 26, 2013, the M/V ENDURANCE arrived at Galveston where WWL and/or PAT later (a) discharged the cargo, (b) segregated the cargo by bill of lading and count, (c) put the cargo in a place of rest onto a fit and customary wharf so that it was accessible to its consignee, (d) gave the consignee notice of the cargo's arrival and/or (e) gave the consignee a reasonable opportunity to come and pick up the cargo or place it under proper care.  In all respects, WWL and/or PAT effected delivery of the cargo to persons charged by the law and the usage of the Port of Galveston with the duty to receive the cargo and distribute it to its consignee.

14. Thereafter and while attempting to move the cargo during terminal operations, PAT dropped and/or otherwise mishandled the cargo, proximately damaging it. The cargo then was no longer in the same good order and condition as when tendered to PAT but, instead, was dented, bent, nicked, gouged, smashed, crushed, sheared, broken, compressed, loose, scratched and otherwise physically damaged. The damages and loss proximately resulted from PAT's act(s) and/or omission(s) constituting negligence, breach of contract, breach of the warranty of workmanlike performance and/or breach of bailment.

15. Plaintiff cannot more specifically allege Defendants' respective acts and/or omissions constituting negligence. Plaintiff invokes and relies upon the doctrine of *res ipsa loquitur* because the character of the loss was such that it would not have happened in the absence of negligence, and the instrumentality causing the occurrence was exclusively within Defendants' control.

16. Plaintiff proximately has sustained damages exceeding $24,608.65 plus interest dating from February 6, 2013, demand for which has been made upon Defendants, but which they refuse to pay.

17. At all times material, Plaintiff owned the cargo and/or brings this claim for itself and/or as agent and/or trustee for all persons or entities, including any insurer that is or may become interested in the cargo.

WHEREFORE, PREMISES CONSIDERED, Plaintiff NACCO Materials Handling Group, Inc. prays that this Honorable Court adjudge that Defendants, Wallenius

Wilhelmsen Logistics AS and Ports America Texas, Inc., *in personam*, jointly and severally, are liable to Plaintiff for its damages as alleged, plus pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

        Respectfully submitted,

        *SHARPE & OLIVER, L.L.P.*

    By _____
        Robert C. Oliver
        State Bar No. 15255700
        S. D. Texas No. 886
        550 Westcott, Suite 230
        Houston, Texas 77007–5096
        Telephone:   (713) 864–2221
        Facsimile:    (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

        ATTORNEYS FOR PLAINTIFF